**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE R., | Case No. 2:21-CV-03691-FWS-MRW |
| Plaintiff, | |
| v. | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

**I.   Introduction**

Before the Court is an "an appeal from a final administrative decision denying plaintiff's claim" resulting from the "decision of the Commissioner of Social Security terminating plaintiff's supplemental security income disability benefits for lack of disability" (the "Appeal"), filed by Plaintiff Jose R. ("Plaintiff") on April 30, 2021. (Dkt. 1 at 1.)  On December 22, 2021, Defendant Kilolo Kijakazi, Acting Commissioner of Social

Security ("Defendant"), filed an Answer to the Appeal, (Dkt. 14) (the "Answer"), as well as the Certified Administrative Record, (Dkt. 15) (the "CAR"). On May 23, 2022, Plaintiff and Defendant filed a Joint Stipulation for Disposition of Claim from Relief from Decision of the Commissioner (the "Joint Stipulation"). (Dkt. 19.) On July 27, 2022, the Magistrate Judge issued the Report and Recommendation (the "Report and Recommendation"), indicating that any objections to the Report and Recommendation were due on or before August 10, 2022. (Dkts. 21, 22.) On August 10, 2022, Defendant filed an Objection to the Report and Recommendation (the "Objection"). (Dkt. 22.)

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Appeal, the Answer, the CAR, the Joint Stipulation, the Report and Recommendation, and the other records of the case. After conducting a *de novo* determination of the portions of the Report and Recommendation to which the Objection was directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

**II. Analysis**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, in summary, the Magistrate Judge "concludes that the ALJ failed to state an adequate reason for disbelieving Plaintiff's testimony about his physical symptoms and limitations," and "recommend[s] that the agency's determination be vacated and the case remanded for further proceedings." (Dkt. 20-1 at 2.) In the Objection, Defendant objects to the Magistrate Judge's conclusion finding "that the

3

ALJ did not provide legally sufficient reasons for discounting Plaintiff's subjective allegations." (Dkt. 22 at 2.) Defendant "submits that the ALJ provided specific reasons supported by substantial evidence in the record for his analysis of Plaintiff's allegations, and that [the ALJ's decision] should therefore be upheld." (Dkt. 22 at 3.)

In this case, after conducting a *de novo* review of the issues presented in the Objection on their merits, the Court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including the findings of facts and conclusions of law related to the Objection. Specifically, based on the record, the court concurs with the Magistrate Judge's recommendations concluding: (1) "the ALJ failed to identify any other clear, convincing, and supported reason to disbelieve Plaintiff's testimony about his exertional abilities"; (2) "[i]f the ALJ fully credited Plaintiff's testimony, the RFC might well have included those limitations"; and (3) "[t]he appropriate remedy is to remand the case on an open record." (Dkt. 20-1 at 8-9.) Accordingly, the Objection is **OVERRULED** on its merits.

**III. Conclusion**

Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein. Accordingly,

**IT IS ORDERED** that Judgment be entered in favor of Plaintiff and the matter be remanded to the Social Security Administration on an open record for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation, and the Judgment herein on counsel for Plaintiff and counsel for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 24, 2022

                                        Hon. Fred W. Slaughter
                                        UNITED STATES DISTRICT JUDGE